COPY

FILED

11 APR 25 PM 3: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

1 | LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
2 | JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
3 | ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
4 | Menlo Park, California 94025
United States of America
5 | Telephone:   (650) 614-7400
Facsimile:   (650) 614-7401
6 |
7 | CHRISTIAN N. BROWN (STATE BAR NO. 233147)
cbrown@orrick.com
8 | ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
9 | San Francisco, CA 94105
Telephone:   (415) 773-5700
10 | Facsimile:   (415) 773-5759

11 | Attorneys for Defendants
SEARS HOLDINGS CORPORATION and SEARS,
12 | ROEBUCK AND CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

16 | RAMON PEREZ, as an individual and
on behalf of all others similarly situated,

Plaintiff,

v.

SEARS ROEBUCK AND CO., a New
York corporation, SEARS HOLDING
CORP., a Delaware corporation, and
DOES 1 through 100, inclusive,

Defendants.

Case No.

CV11-03527 DSF (PJWx)

CLASS ACTION

DEFENDANTS SEARS,
ROEBUCK AND CO. AND
SEARS HOLDINGS
CORPORATION'S NOTICE OF
REMOVAL

- 1 -

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Sears Holdings Corporation and Sears, Roebuck and Co. ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Santa Barbara, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1.      On March 14, 2011, Plaintiff Ramon Perez, individually and purportedly on behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the County of Santa Barbara, entitled "Ramon Perez, as an individual and on behalf of all other similarly situated, Plaintiff, v. Sears Roebuck & Co.,  a New York corporation, Sears Holdings Corporation,  a Delaware corporation , and Does 1 through 100, inclusive, Defendants," No. 1379818 (the "Action").  The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2.      The Complaint purports to assert five class-wide claims for relief against all defendants in the case, alleging causes of action based upon the plaintiff's employment relationship.  The Complaint alleges class-wide causes of action for violations of the California Labor Code and unfair business practices statutes of California Business and Professions Code section 17200 *et seq.*, and seeks relief in the form of allegedly unpaid overtime wages, meal and rest break premium pay, penalties under the Labor Code, declaratory relief, and statutory attorneys' fees and interest.

3.     The Complaint names Defendant Sears Holdings Corporation, a non-California corporation with its principal place of business in Illinois, and Defendant Sears, Roebuck and Co., also a non-California corporation with its principal place of business in Illinois.  Defendants are informed and believe there have been no other defendants named in this case.

4.     Defendants' agent for service of process was served with the Summons and Complaint and other papers on March 24, 2011.  The Summons and Complaint are attached hereto together with all other pleadings, process and orders served on Defendants as **Exhibit A**.  This Notice of Removal is timely as it is filed within thirty days of the first receipt by a defendant of a copy of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b).

## CLASS ACTION FAIRNESS ACT

5.     Defendants remove this action based upon the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d).  This Court has original jurisdiction of this action under § 1332(d)(2).  As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).  Further, no defendant identified in the Complaint is a state, officer of a state, or a governmental agency.  28 U.S.C. § 1332(d)(5).

### Diversity of Citizenship

6.     Plaintiff's Citizenship.  Plaintiff alleges that he has resided within the state of California at all times relevant to the matters set forth in the Complaint.  Complaint ¶ 5.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.

1    *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

2    Defendants therefore allege that Plaintiff is a citizen of California.  Complaint ¶ 5.

3           7.    Citizenship Of Members Of Proposed Plaintiff Class.  Plaintiff

4    alleges that the proposed class consists only of persons formerly employed within

5    the State of California.  Complaint ¶ 7.  On that basis, Defendants allege that at

6    least two-thirds of the persons who make up the proposed class are citizens of the

7    State of California.

8           8.    Defendants' Citizenship.  Defendant Sears Holdings

9    Corporation is a citizen of Delaware and Illinois.  Defendant Sears, Roebuck and

10   Co. is a citizen of New York and Illinois.  A corporation "shall be deemed a citizen

11   of any State by which it has been incorporated and of the State where it has its

12   principal place of business." 28 U.S.C. § 1332(c).  Sears Holdings Corporation is

13   incorporated under the laws of the State of Delaware, and has its principal place of

14   business in Hoffman Estates, Illinois, where it is headquartered.  Sears, Roebuck

15   and Co. is incorporated under the laws of the State of New York, and has its

16   principal place of business in Hoffman Estates, Illinois, where it is headquartered.

17          9.    Doe Defendants' Citizenship.  The citizenship of fictitious

18   defendants is disregarded for purposes of establishing removal jurisdiction under

19   28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a);  *see also Bryant v. Ford Motor Co.*,

20   886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

21          10.   Size of Class.  The Complaint defines a single class and one

22   subclass.  The class includes "[a]ll persons employed by defendant during the Class

23   Period as 'Store Managers' or 'General Managers' and similar positions, at any of

24   Defendants' full line retail stores" Complaint ¶ 19.  Defendants assert that there are

25   more than 100 individuals who qualify as potential class members during the four-

26   year period alleged.  Defendants presently estimate that the number of current and

27   former Store Managers employed by Sears encompassed by the Complaint during

28

DEFENDANTS SEARS, ROEBUCK AND CO.
AND SEARS HOLDINGS CORPORATION'S
NOTICE OF REMOVAL

1   the alleged class period is greater than 150.  Declaration of Robert G. Springhorn

2   ("Springhorn Decl.") ¶ 3.

3   **Amount in Controversy**

4        11.    The alleged amount in controversy in this class action exceeds,

5   in the aggregate, $5,000,000, exclusive of interest and costs.  Defendants deny

6   plaintiff's claims in their entirety and assert that plaintiff's claims are not amenable

7   to class treatment, but provide the following analysis of potential damages (without

8   admitting liability) in order to demonstrate that plaintiff's Complaint puts a

9   sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).

10  The Complaint seeks payment of allegedly unpaid regular and overtime wages over

11  a four-year period, premium pay for missed meal and rest periods, and damages for

12  allegedly inaccurate wage statements at the amounts set by Labor Code § 226(a),

13  which sets forth maximum damages of $4,000 per employee.  The Complaint also

14  seeks payment of waiting time penalties under California Labor Code § 203, which

15  provides that wages shall continue at their regular rate for a period of up to 30 days

16  if all concededly due wages are not paid at the time of termination.

17       12.    When the amount in controversy is not readily apparent from a

18  complaint, "the court may consider facts in the removal petition" to determine the

19  potential damages at issue.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

20  2005) (*quoting Singerv. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

21  1997)).  Where the complaint is silent, a defendant need only satisfy the amount in

22  controversy by a preponderance of the evidence.  *Singer*, 116 F.3d at 376.  Thus,

23  Defendants in this case are only required to establish that it is more likely than not

24  that the amount in controversy exceeds $5,000,000.  Statutory penalties may be

25  considered by the Court when determining the amount in controversy.  *See*

26  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

27  The Court should also include requests for attorneys' fees in determining the

28

DEFENDANTS SEARS, ROEBUCK AND CO.
AND SEARS HOLDINGS CORPORATION'S
NOTICE OF REMOVAL

1    amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56

2    (9th Cir. 1998).

3         13.    The potential damages, penalties and restitution plaintiff seeks

4    in this action easily exceed $5,000,000, exclusive of interest and costs.  Defendants'

5    records show that Defendant Sears, Roebuck and Co. alone employed 161 Store

6    Managers during the proposed class period.  Springhorn Decl. ¶ 3.  Accounting for

7    a leave of absence, Plaintiff was employed by Defendant Sears, Roebuck and Co.

8    for approximately 143 workweeks, and his average hourly rate of pay was $35.03.

9    Springhorn Decl. ¶ 4.

10         14.    Plaintiff's first cause of action is for failure to pay overtime

11   wages.  Complaint at ¶¶ 27-39.  Based on the Complaint's allegation that Store

12   Managers were misclassified as exempt employees, it is expected that plaintiff will

13   claim to have worked some (as yet unidentified) number of overtime hours each

14   week for which he should have been paid.  Assuming that plaintiff claims he was

15   owed for just one (1) overtime hour each week (a conservative estimate as to the

16   number of hours plaintiff will likely claim), his individual damages for the first

17   cause of action would be $7,513.93  (1 OT Hour at $52.54 per hour (1.5 * $35.03)

18   multiplied by 143 weeks).  Assuming (as alleged in the Complaint) that plaintiff's

19   claims are typical of the class and that at least one hour of overtime per week is at

20   issue, the amount in controversy on the first cause of action alone would be

21   **$1,209,742.73**.  If plaintiff claims that he and proposed class members worked 5

22   hours of overtime per week, then the amount in controversy on the first cause of

23   action alone would be  **$6,048,713.65** (5 OT hours at $52.54 *  143 weeks * 161

24   class members).  It is not uncommon for plaintiffs in misclassification cases such as

25   this to assert that members of the proposed class worked 10 or even as many as 20

26   hours of overtime per week.

27         15.    Plaintiff's second cause of action for failure to provide meal and

28   rest breaks alleges that plaintiff and members of the proposed class were unlawfully

DEFENDANTS SEARS, ROEBUCK AND CO.
AND SEARS HOLDINGS CORPORATION'S
NOTICE OF REMOVAL

1   denied meal and rest breaks, and were not paid an hour's wages in lieu thereof.

2   Assuming Plaintiff contends one non-compliant meal and/or rest period each day

3   during a five-day workweek, plaintiff's individual potential damages over the 143

4   workweeks that he was employed would be $25,046.45 (5 * $35.03 * 143 weeks).

5   If plaintiff's claim is assumed to be typical of the class, the amount in controversy

6   for the meal and rest break cause of action would be **$4,032,478.45**.

7        16.   Plaintiff's third cause of action for late payment of final wages

8   under California Labor Code § 203 alleges that class members who are no longer

9   employed by the defendants were not paid all wages due upon termination.  Labor

10   Code § 203 provides for 30 days' wages as a penalty for late final payment of owed

11   wages.  Of the 161 Store Managers employed by Sears, Roebuck and Co. in

12   California during the proposed class period, 72 are no longer employed.

13   Springhorn Decl. ¶ 3.  Thirty days of wages for the plaintiff would be $8,406.54.

14   Assuming that plaintiff's Labor Code § 203 penalties are typical of those of the

15   class, the total amount in controversy on plaintiff's third cause of action would be

16   **$605,270.88**.

17        17.   Plaintiff's fourth cause of action for failure to issue accurate

18   itemized wage statements carries a maximum penalty of $4,000 per employee.  If

19   the 161 Store Managers at Sears, Roebuck and Co. were entitled to the maximum

20   penalties provided by Labor Code § 226(a), the amount in controversy on this claim

21   alone would be **$644,000**.

22        18.   As the calculations above demonstrate, there is well over

23   $5,000,000 in controversy in this action even using the conservative amounts

24   discussed above:  $1,209,742.73 (OT wages) + 4,032,478.45 (meal & rest breaks) +

25   605,270.88 (Labor Code § 203 late payment penalties) + $644,000 (wage statement

26   claim) = **$6,491,492.06**).   This amount is satisfied even without addressing the

27   issue of potential attorneys' fees, which are provided for by statute and in the Ninth

28

DEFENDANTS SEARS, ROEBUCK AND CO.
AND SEARS HOLDINGS CORPORATION'S
NOTICE OF REMOVAL

1  Circuit typically are 25% of any judgment in favor of the plaintiff.  CAFA's

2  amount-in-controversy requirement is easily satisfied.

3  <u>**No Bases for Rejecting or Declining Jurisdiction Exist**</u>

4  19.   There are no bases for this Court to reject or decline jurisdiction

5  as set out in 28 U.S.C. § 1332(d).  Further, as set out above, no named defendant is

6  a citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are

7  inapplicable.

8  <u>**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**</u>

9  20.   This Court also has original jurisdiction over this civil action

10  (including Plaintiff Perez's claims on an individual basis) against Defendant

11  pursuant to 28 U.S.C. section 1332 (a).  This action may therefore be removed by

12  Defendant pursuant to 28 U.S.C. § 1441.  As to Plaintiff Ramon's individual

13  claims, the amount in controversy exceeds the sum or value of $75,000, exclusive

14  of interest and costs, and the claims are between citizens of different states.

15  21.   <u>Diverse Citizenship</u>:  As mentioned above, Plaintiff is and was

16  at the time of filing the Complaint, and was at all times intervening a citizen and

17  resident of the State of California.  In addition, Defendants Sears Holdings Corp.

18  and Sears, Roebuck and Co. were not citizens of California.  Accordingly, Plaintiff

19  is a citizen of a state different than that of Defendants.

20  22.   <u>Amount in Controversy</u>:  Plaintiff's first cause of action is for

21  unpaid overtime.  Assuming that plaintiff claims he was owed for just five (5)

22  overtime hours each week (a conservative estimate of what Plaintiff will likely

23  claim), his individual damages for the first cause of action would be **$37,566.10**  (5

24  OT Hours at plaintiff's overtime rate of $52.54 per hour [1.5 * $35.03] multiplied

25  by 143 weeks).  Plaintiff's second cause of action is for failure to allow and pay for

26  meal and periods.  Assuming one non-compliant meal and/or rest period each day

27  during a five-day workweek, plaintiff's individual potential damages over the 143

28  workweeks that he was employed would be **$25,046.45** (5 hours * $35.03 * 143

DEFENDANTS SEARS, ROEBUCK AND CO.
AND SEARS HOLDINGS CORPORATION'S
NOTICE OF REMOVAL

1  weeks).  Plaintiff's third cause of action for late payment of final wages under

2  California Labor Code § 203.  Thirty days of wages for the plaintiff would be

3  **$8,406.54**.  Plaintiff's fourth cause of action for failure to issue accurate itemized

4  wage statements carries a maximum penalty of **$4,000** per employee.  Therefore,

5  plaintiff's amount in controversy, under a conservative estimate, is at least

6  **$75,019.09**, not including any attorney's fees that are properly included when

7  determining the amount in controversy.

8  **VENUE**

9       23.     Venue lies in the Central District of California pursuant to 28

10  U.S.C. §§ 1441(a), 1446(a), and 84(c)(2).  This action was originally brought in the

11  Superior Court of the State of California, County of Santa Barbara, which is

12  embraced by the Central District of California.

13  **NOTICE OF REMOVAL**

14       24.     This Notice of Removal shall be served promptly on the plaintiff

15  Ramon Perez and filed with the Clerk of the Superior Court of the State of

16  California in and for the County of Santa Barbara.

17       25.     In compliance with 28 U.S.C. § 1446(a), attached hereto as

18  **Exhibit A** are copies of all state-court papers served herein, including the summons

19  and Complaint.

20       26.     WHEREFORE, Defendants prays that this civil action be

21  removed from the Superior Court of the State of California, County of Santa

22  Barbara to the United States District Court of the Central District of California.

23  Dated:  April 25,  2011

24                          LYNNE C. HERMLE
                            JOSEPH C. LIBURT
25                          CHRISTIAN N. BROWN
                            Orrick, Herrington & Sutcliffe LLP
26
                            By: _____
27                          CHRISTIAN N. BROWN
                            Attorneys for Defendants
28

DEFENDANTS SEARS, ROEBUCK AND CO.
AND SEARS HOLDINGS CORPORATION'S
NOTICE OF REMOVAL

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stanley D. Saltzman, Esq.  (SBN 90058)
Kiley L. Grombacher, Esq.  (SBN 245960)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, CA   91301
TELEPHONE NO.:  (818) 991-8080   FAX NO.:  (818) 991-8081
ATTORNEY FOR *(Name):*  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA   93121
BRANCH NAME: ANACAPA BRANCH

CASE NAME:   PEREZ v. SEARS

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 14 2011

GARY M. BLAIR, Executive Officer
BY _Marilee A. Jay_
Merilee A. Jay, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 1379818 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* five (5)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: March 9, 2011
Kiley L. Grombacher, Esq.
_____                  ▶ _____
          (TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book account) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** SEARS ROEBUCK AND CO., a New York
*(AVISO AL DEMANDADO):* corporation, SEARS HOLDING CORP.,
a Delaware corporation, and DOES 1 through 100,
inclusive

DB  3/24/11
2:28

F I L E D
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 14 2011

GARY M. BLAIR, Executive Officer

BY _Merilee A. Jay_  Merilee A. Jay, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** RAMON PEREZ, as an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA BARBARA COUNTY SUPERIOR COURT<br>1100 Anacapa Street<br>1100 Anacapa Street<br>Santa Barbara, CA   93121 | CASE NUMBER:<br>*(Número del Caso):*<br>**1379818** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley D. Saltzman, Esq. (SBN 90058)       (818) 991-8080  (818) 991-8081
Kiley L. Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208, Agoura Hills, CA, 91301

| DATE:<br>*(Fecha)*   MAR 14 2011 | Clerk, by<br>*(Secretario)*  **MERILEE A. JAY** | , Deputy<br>*(Adjunto)* |
|---|---|---|

GARY M. BLAIR, EXECUTIVE OFFICER

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  **MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
2  Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher , Esq. (SBN 245960)
3  29229 Canwood Street, Suite 208
Agoura Hills, California  91301
4  Telephone:      (818) 991-8080
Facsimile:       (818) 991-8081
5
**UNITED EMPLOYEES LAW GROUP, PC**
6  Walter Haines, Esq. (SBN 71075)
110 Pine Avenue,  Suite  725
7  Long Beach , California  90802
Telephone:      (888) 474-7242
8  Facsimile:       (866) 435-7471

9  Attorneys for Plaintiff and the Proposed Plaintiff Class

10

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 14 2011

GARY M. BLAIR. Executive Officer
BY _Merilee A. Jay_
   Merilee A. Jay.  Deputy Clerk

11               **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

12                    **FOR THE COUNTY OF SANTA BARBARA**

13  RAMON PEREZ, as an individual and on      CASE NO.   **1379818**
    behalf of all others similarly situated,
14                                            **CLASS ACTION COMPLAINT FOR:**
15               Plaintiff,
                                              1.    **Failure to Pay Overtime Wages** (*Lab.*
16  v.                                             *Code* § 1194);
                                              2.    **Failure to Allow and Pay for Meal and**
17  SEARS ROEBUCK AND CO., a New                   **Rest Periods** (*Lab. Code* §§ 200, 226.7,
    York corporation, SEARS HOLDING                512);
18  CORP., a Delaware corporation, and        3.    **Failure to Pay Compensation Upon**
    DOES 1 through 100, inclusive,                 **Discharge** (*Lab. Code* §§ 201-203);
19                                            4.    **Failure to Provide Proper Wage**
               Defendants.                         **Statement** (*Lab. Code* § 226);
20                                            5.    **Violation of California** *Bus. & Prof.*
                                                   *Code* §§ 17200-17208);
21                                            **DEMAND FOR JURY TRIAL**

22

23       RAMON PEREZ ("Plaintiff"), individually and behalf of all others similarly situated, alleges

24  the following against SEARS ROEBUCK AND CO., SEARS HOLDING CORP., and DOES 1

25  through 100, (hereinafter sometimes collectively referred to as "Defendants"):

26                              **INTRODUCTION**

27       1.    This matter is brought as a class action pursuant to California *Code of Civil Procedure*

28  § 382, on behalf of Plaintiff and the Plaintiff Class, which is comprised of all persons who are, or have

                                        1

1  been employed by defendants as Managers in any of Defendants' full-line California stores during the

2  Class Period, which runs from December 7, 2006, to the date judgment is rendered herein.

3     2.     Plaintiff seeks relief on behalf of himself and the Plaintiff Class based on Defendants'

4  (a) failure to pay overtime compensation in violation of *Labor Code* § 1194 and the orders and

5  standards promulgated by the California Division of Labor Standards Enforcement and the California

6  Industrial Commission, (b) failure to allow and pay for meal and rest breaks pursuant to *Labor Code*

7  §§ 220, 226.7 and 512, (c), failure to pay compensation at the time of termination in violation of *Labor*

8  *Code* §§ 201-203, (d) failure to furnish Plaintiff and the Plaintiff Class with accurate itemized

9  statements upon payment of wages as required by *Labor Code* § 226, and (e) violation of California's

10  unfair competition laws (*Business &Professions Code* § 17200).

11     3.     Plaintiff's claims are based on the erroneous misclassification of Plaintiff and members

12  of the Plaintiff Class as exempt from California's wage and hour laws which require defendants to pay

13  overtime compensation, and provide its employees proper, statutorily required meal and rest periods.

14  In fact, Plaintiff and members of the Plaintiff Class performed non-exempt job duties, and thus are,

15  and were entitled to, but denied overtime compensation, and proper meal and rest periods.

### JURISDICTION AND VENUE

17     4.     Venue is proper in this court because Defendant maintains offices and transact business

18  within the jurisdiction of this Court, because the conduct alleged herein which gives rise to the claims

19  asserted occurred within the jurisdiction of this Court.  Specifically, plaintiff Ramon Perez worked for

20  Defendant within Santa Barbara County, and the wages herein claimed were earned by him in Santa

21  Barbara County.

### THE PARTIES

23     5.     At all times mentioned herein Plaintiff Ramon Perez was, and now is, a resident of the

24  County of Ventura, State of California.

25     6.     Plaintiff was employed by Defendants as a Manager of Defendant's Sears store in Santa

26  Barbara, California, from September, 2008, to July, 2010.

27     7.     The members of the proposed class are likewise current and former employees of

28  Defendant, employed by defendant within the state of California as Managers.

2

Class Action Complaint

1       8.      Defendant Sears Roebuck and Company is a New York corporation with a principal

2  place of business in Illinois. Sears Roebuck and Company does business in the State of California,

3  including the County of Santa Barbara.  Defendant conducts business under the name of Sears

4  throughout the State of California, and employs, and has employed individuals in the position of Store

5  Manager at its full line retail stores.

6       9.      Defendant Sears Holding Corp. is a Delaware corporation with a principal place of

7  business in Illinois. Sears Holding Corp. does business in the State of California, including the County

8  of Santa Barbara.  Defendant conducts business under the name of Sears throughout the State of

9  California, and employs, and has employed individuals in the position of Store Manager at its full line

10  retail stores.

11      10.     Plaintiff is ignorant of the true names, capacities, relationships and extent of

12  participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100,

13  inclusive, but on information and belief alleges that said Defendants are in some manner legally

14  responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such

15  Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each

16  Defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiff is further

17  informed and believes, and thereon alleges, that each defendant was acting within the course and scope

18  of said agency at all relevant times herein, for the benefit of themselves, each other, and the other

19  Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the

20  other Defendants.

21                          **FACTUAL ALLEGATIONS**

22      11.     Throughout the Class Period, as the same is defined herein, Plaintiff and each member

23  of the Plaintiff Class was an exempt employee, performing job duties which are classified as non-

24  exempt, and thus covered by one or more Industrial Welfare Commission ("IWC") Wage Orders,

25  including, but not limited to, Wage Order Nos. 7-1989, 7-1998, 7-200, 7-2001 ("Wage Orders"), as

26  well as Cal. Code Regs., tit. 8, § 11070, and *Labor Code* § 510, and/or other applicable wage orders,

27  regulations and statutes.

28  / / /

                                    3
                          **Class Action Complaint**

12.     Specifically, the primary job duties performed by Plaintiff and members of the Plaintiff Class were, and are maintaining the inventory and sales floor, cleaning the store, working the cash registers, sales, and assisting customers.  Plaintiff and the members of the Plaintiff Class spent the majority of their time performing these non-exempt job duties, as opposed to job duties classified as exempt under California law.

13.     Plaintiff and members of the Plaintiff Class are not involved in managing Defendant's enterprise, and are not subject to any exemptions for executive, administrative or professional employees.  Defendant was therefore obligated to pay Plaintiff and members of the Plaintiff Class compensation for overtime, and to provide them the statutorily mandated meal and rest periods, and/or to compensate Plaintiffs therefore.  However, Defendant improperly classified Plaintiff and members of the Plaintiff Class as exempt employees, exempt from the wage and hour provisions identified above.

14.     Plaintiff and each member of the Plaintiff Class routinely worked in excess of the maximum regular rate hours established by the IWC in the above-described Wage Orders, regulations, and statutes, which entitled them to overtime compensation as set by law.  Since at least November 15, 2006, and continuing to the present, Defendant has had a consistent policy of failing to pay wages and/or overtime to Plaintiff and members of the Plaintiff Class for all work performed and/or work over eight (8) hours per day or forty (40) per week.  Relying upon, and consistent with Defendant's standard policy, practice and procedure of classifying Plaintiff and each member of the Plaintiff Class as exempt employees, Defendant failed and refused to compensate Plaintiff and members of the Plaintiff Class for overtime worked by them.

15.     Plaintiff and each member of the Plaintiff Class were routinely not allowed meal and rest breaks as required by the IWC in the above-described Wage Orders, regulations, and statutes. Since at least December 7, 2006, and continuing to the present, Defendant has had a consistent policy of failing to provide Plaintiff and members of the Plaintiff Class statutorily required meal and rest periods.  Relying upon, and consistent with Defendant's standard policy, practice and procedure of classifying Plaintiff and each member of the Plaintiff Class as exempt employees, Defendant failed

4

Class Action Complaint

1  and refused to allow Plaintiff and members of the Plaintiff Class statutorily required meal and rest

2  periods.

3     16.   Plaintiff and each member of the Plaintiff Class were routinely provided wage

4  statements which do not truly and accurately reflect the number of hours worked by them, or the wages

5  due to them, specifically including but not limited to, failing to reflect hours worked overtime, and

6  overtime wages due, and compensation due for missed meal and rest breaks.   Since at least

7  November 15, 2006, and continuing to the present, Defendant has had a consistent policy of failing to

8  provide Plaintiff and members of the Plaintiff Class true and accurate wage statements upon payment

9  of wages, as required by California *Labor Code* § 226(a).

10    17.   Plaintiff and each member of Sub-Class No. 1 (hereinafter sometimes referred to as the

11  "Terminated Sub-Class"), whose employment with Defendant was terminated during the class period,

12  were routinely not paid, upon termination, all wages due to them, in violation of California *Labor*

13  *Code* section 201-203. Specifically, Plaintiff and members of the Terminated Sub-Class were not paid

14  for overtime, nor were they compensated for missed meal and rest breaks. Since at least November 15,

15  2006, and continuing to the present, Defendant has had a consistent policy of failing to provide

16  Plaintiff and members of the Terminated Sub-Class all wages due to them upon termination.  Relying

17  upon, and consistent with Defendant's standard policy, practice and procedure of classifying Plaintiff

18  and each member of the Terminated Sub-Class as exempt employees, Defendant failed and refused

19  to compensate Plaintiff and members of the Terminated Sub-Class for overtime, and missed meal and

20  rest breaks at the time their employment was terminated.

21    18.   During the Class Period, defendants required Plaintiff and members of the Plaintiff

22  Class to work overtime without lawful compensation, and without proper meal and rest breaks.

23  Defendants, in violation of the above-described Wage Orders and statutes, willfully failed and refused

24  to pay Plaintiff and members of the Plaintiff Class overtime compensation, failed to provide them, or

25  to compensate them for meal and rest periods, failed to pay all wages due upon termination, and failed

26  to provide true and accurate wage statements.  Said policies, procedures, and practices are in violation

27  of the California *Labor Code,* including, but not limited to, *Labor Code* §§ 201-203.

28

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* section 382.   The class which Plaintiff seeks to represent is composed of, and defined as follows:

Plaintiff Class:

All persons employed by defendant during the Class Period as "Store Managers" or "General Managers" and similar positions, at any of Defendants' full line retail stores.

Sub-Class No. 1:

All members of the Plaintiff Class whose employment ended during the Class Period.

20.     The Class period is designated as the period from December 7, 2006, through and including the date judgment is rendered in this matter, and includes anyone employed by Defendants in the State of California during that period meeting the class definition.

21.     The Class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of Class Members are unknown to plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the Class includes hundreds, and possibly thousands of members.

22.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.     Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California Wage and Hour statutes;

b.     Whether Defendants misclassified Plaintiff and members of the Plaintiff Class as exempt employees under California's wage and hour laws;

6

Class Action Complaint

c.   Whether Plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

d.   Whether Defendants failed to pay overtime compensation to plaintiff and members of the Plaintiff Class;

e.   Whether Defendant's policy and practice of classifying Plaintiff and members of the Plaintiff Class as exempt, and failing to provide them overtime compensation violated provisions of California's wage and hour laws;

f.   Whether Plaintiff and members of the Plaintiff Class are entitled to meal and rest periods;

g.   Whether Defendants failed to provide and/or compensate plaintiff and members of the Plaintiff Class for meal and rest periods;

h.   Whether Defendant's policy and practice of not providing Plaintiff and members of the Plaintiff Class meal and rest periods violated provisions of California's wage and hour laws;

i.   Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of *Labor Code* §§ 201-203;

j.   Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of *Labor Code* section 226;

k.   Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

l.   Whether Defendants violated the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*, by violating the above cited provisions, and treating plaintiff and members of the Plaintiff Class unfairly by failing to pay them overtime, failing to provide them meal and rest periods, failing to pay

7

1  them wages due upon termination, and failing to provide true and accurate
2  wage statements.

3      23.    The claims of the named Plaintiff are typical of the claims of the members of the
4  proposed class.  Plaintiff and other class members sustained losses, injuries and damages arising out
5  Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied
6  to other Class Members as well as plaintiff.  Plaintiff seeks recovery for the same type of losses,
7  injuries, and damages as were suffered by other members of the proposed class.

8      24.    Plaintiff is an adequate representative of the Class because he is a member of the Class
9  and his interests do not conflict with the interest of the members he seeks to represent.  Plaintiff has
10 retained counsel competent experienced in prosecution of complex class actions, and together Plaintiff
11 and his counsel intend to prosecute this action vigorously for the benefit of the Class.  The interests
12 of the Class members will fairly and adequately be protected by plaintiff and his attorneys.

13     25.    A class action is superior to other available methods for the fair and efficient
14 adjudication of this litigation since individual litigation of the claims of all Class members is
15 impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an
16 individual basis, because this would result in hundreds, and potentially thousands of individual,
17 repetitive lawsuits.  Individual litigation presents the potential for inconsistent or contradictory
18 judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery
19 among those with equally meritorious claims.  By contrast, the class action device presents far fewer
20 management difficulties and provides the benefit of a single adjudication, economics of scale, and
21 comprehensive supervision by a single court.

22     26.    The various claims asserted in this action are additionally or alternatively certifiable
23 under the provisions of the California *Code of Civil Procedure* section 382 because:

24         a.    The prosecution of separate actions by hundreds or thousands of individual
25              class members would create a risk or varying adjudications with respect to
26              individual class members, thus establishing incompatible standards of conduct
27              for Defendants.
28

**8**

**Class Action Complaint**

b.  The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

c.  Defendants have acted or refused to act on grounds applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Compensation)

### (By All Plaintiffs Against All Defendants)

27.  Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 26.

28.  Pursuant to California *Labor Code* § 1194 and the applicable Industrial Welfare Commission ("IWC") Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

29.  Pursuant to California *Labor Code* § 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

30.  Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

31.  The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times her regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

9

32.     Pursuant to California *Labor Code* § 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

33.     Pursuant to California *Labor Code* § 510, Plaintiff and the other class members are entitled to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

34.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of eight (8) hours in a day.

35.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of twelve (12) hours in a day.

36.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of forty (40) hours in a week.

37.     Plaintiff and each member of the Plaintiff Class are entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Orders, statutes and regulations identified above.

38.     Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring plaintiff and the Plaintiff Class, with improper motives amounting to malice, and in conscious disregard of the rights of plaintiff and the Plaintiff Class. Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

39.     Defendants' conduct described herein violates the California *Code of Regulations*, Title 8, § 11070, and *Labor Code* §§ 200, 203, 226, 226.7, 512, and 1194.  Plaintiff and members of the Plaintiff Class are thus entitled to recover, in addition to the unpaid balance of overtime compensation defendants owe them, interest, penalties, attorneys' fees, expenses and costs of suit.  Plaintiff and members of the Plaintiff Class assert a claim for penalties pursuant to *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

**SECOND CAUSE OF ACTION**

**(Failure to Allow and Pay for Meal and Rest Breaks)**

**(By All Plaintiffs Against All Defendants)**

40.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 39.

41.     At all times herein mentioned, the Industrial Welfare Commission Order and California *Labor Code* §§ 226.7 and 512(a) were applicable to Plaintiffs and the other class members' employment by Defendants.

42.     Pursuant to California *Labor Code* § 512(a), an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

43.     *Labor Code* § 226.7(a) provides, "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

44.     As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiffs and Class members' meal breaks. By these actions, Defendants violated California *Labor Code* § 226.7(a) and § 512(a), in the number, length and manner of the breaks mandated by statute and regulation.  At no time did plaintiff or members of the Plaintiff Class expressly or impliedly waive their right to meal and rest breaks.

/ / /

/ / /

11

**Class Action Complaint**

45.     As a result of the unlawful acts of Defendants, Plaintiff and members of the Plaintiff Class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* § 226.7(a) in an amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal and/or rest period was not provided. Additionally, Plaintiff and members of the Plaintiff Class are entitled to penalties under the *Labor Code* sections identified above.

## THIRD CAUSE OF ACTION

### (Failure to Pay Compensation at the Time of Termination)

### (By Plaintiff and Members of the Terminated Sub-Class Against All Defendants)

46.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 45

47.     California *Labor Code* § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California *Labor Code* § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than 72 hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated.  California *Labor Code* section 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by *Labor Code* §§ 201 and 202, respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.

48.     Defendants' willful failure to pay plaintiff and members of the Terminated Sub-Class all the wages due to them upon termination is in violation of *Labor Code* §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due. Therefore, plaintiff and members of the Terminated Sub-Class are entitled to a waiting time wage continuation penalty pursuant to *Labor Code* § 203.

///
///
///
///

12

**Class Action Complaint**

## FOURTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

### (By All Plaintiffs Against All Defendants)

49.　Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 48.

50.　*Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . ." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

51.　Defendants failed to accurately record the overtime hours worked by plaintiff and members of the Plaintiff Class.

52.　Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or other statutes.

## FIFTH CAUSE OF ACTION

### (Unfair Competition: California *Business and Professions Code* § 17200 etc.)

### (By All Plaintiff, on Behalf of Herself, the Plaintiff Class, and the

### General Public, Against All Defendants)

53.　Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 52.

54.　Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice. A violation of *California Business & Professions Code*

13

**Class Action Complaint**

1 | §§ 17200 *et seq.* may be predicated on the violation of any state or federal law. As described herein,

2 | Defendants violated *California Labor Code* §§ 201, 204, 212, 213, 226(a), 226.7, 510, 1174(d), 1198,

3 | 2800, and 2802.

4 |     55.    Plaintiff brings this cause of action in a representative capacity on behalf of the general

5 | public and the persons affected by the unlawful and unfair conduct described hereafter.  Plaintiff and

6 | members of the proposed class have suffered and continue to suffer injury in fact and monetary

7 | damages as a result of defendants' actions.

8 |     56.    The actions by defendants, including, but not limited to, the continuing failure to pay

9 | overtime, failure to provide meal and rest periods, failure to provide itemized wage statements, and

10 | failure to pay wages due upon termination, amount to conduct which is unlawful and a violation of law

11 | as alleged herein.  As such, said conduct amounts to unfair business practices in violation of *Business*

12 | *and Professions Code* § 17200 et. seq.

13 |     57.    Defendants' conduct as herein alleged has damaged plaintiffs and the members of the

14 | Plaintiff Class by denying them wages due and payable, and failing to provide proper wage statements.

15 | Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class,

16 | causing them injury in fact and loss of money.

17 |     58.    As a result of such conduct, defendants have unlawfully and unfairly obtained monies

18 | due to the plaintiff and the members of the Plaintiff Class.

19 |     59.    All members of the Plaintiff Class can be identified by reference to payroll and related

20 | records in the possession of the defendants.  The amount of wages due plaintiff and members of the

21 | Plaintiff Class can be readily determined from defendants' records.  The members of the proposed

22 | class are entitled to restitution of monies due and obtained by defendants during the Class Period as

23 | a result of defendants' unlawful and unfair conduct.

24 |     60.    Beginning at a date unknown to Plaintiff, but at least as early as December 7, 2006,

25 | defendants committed, and continue to commit acts of unfair competition as defined by § 17200 et.

26 | seq. of the *Business and Professions Code,* by and among other things, engaging in the acts and

27 | practices described above.

28 |

1    61.    Defendants' course of conduct, acts, and practices in violation of the California law as

2 mentioned in each paragraph above constitutes a separate and independent violation of §17200 etc.

3 of the *Business and Professions Code.*

4    62.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied

5 lawfully earned and unpaid wages outweighs the utility, if any, of defendants' policies and practices

6 and, therefore, defendants' actions described herein constitute an unfair business practice or act within

7 the meaning of *Business and Professions Code* § 17200.

8    63.    Defendants' conduct described herein threatens an incipient violation of California's

9 wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly

10 threatens or harms competition.

11    64.    Defendants' course of conduct described herein further violates *Business and*

12 *Professions Code* 17200 in that it is fraudulent, illegal, improper, and unfair.

13    65.    The unlawful, unfair, and fraudulent business practices and acts of defendants, and each

14 of them, as described herein above have injured Plaintiff and members of the Plaintiff Class in that

15 they were wrongfully denied the timely and full payment of wages due to them.

16                              **PRAYER FOR RELIEF**

17    WHEREFORE, plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff

18 Class, prays for judgment against defendants as follows:

19    1.    For nominal damages;

20    2.    For compensatory damages;

21    3.    For equitable relief in the nature of declaratory relief, restitution of all monies due to

22          Plaintiff and members of the Plaintiff Class, disgorgement of profits from the unlawful

23          business practices of defendants, and accounting;

24    4.    For penalties permitted by *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226,

25          226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2;

26    5.    For interest accrued to date;

27    6.    For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226 and

28          1194;

15

**Class Action Complaint**

7.    For reasonable attorney's fees pursuant to *Labor Code* §§ 226 and 1194; and

8.    For all such other and further relief that the Court may deem just and proper.

DATED: March 9, 2011          MARLIN & SALTZMAN, LLP
                              UNITED EMPLOYEES LAW GROUP, PC


                              By: _____
                                  Kiley L. Grombacher, Esq. of Marlin & Saltzman
                                  Attorneys for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all applicable claims.


DATED: March 9, 2011          MARLIN & SALTZMAN, LLP
                              UNITED EMPLOYEES LAW GROUP, PC


                              By: _____
                                  Kiley L. Grombacher, Esq. of Marlin & Saltzman
                                  Attorneys for Plaintiff

16

**Class Action Complaint**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA
Gary M. Blair, Executive officer

Number: 411071      03-14-11      3:03 pm
Marlin & Saltzman
Anacapa Check
10904

G  1379818
Ramon Perez
         VS.
Sears Roebuck and Co et cl

CV-Complaint 25K+                    395.00
                                 ------------
                   File Total:       395.00

MJAY            Total Paid:          395.00

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

3/31/11   1·48

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA

STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, California 93101
BRANCH NAME: Santa Barbara-Anacapa Division

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**MAR 2 8 2011**

GARY M. BLAIR, Executive Officer
BY _____
APRIL GARCIA, Deputy Clerk

F
DE
CA

Caption:

**Ramon Perez vs Sears Roebuck and Co, et cl**   DB

| ORDER & NOTICE OF CASE ASSIGNMENT NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: 1379818 |
|---|---|

The above case is hereby assigned to Judge Denise de Bellefeuille  for ALL purposes, including trial.  All future matters, including ex-parte matters, are to be scheduled with the assigned judge.  Counsel shall include the name of the assigned judge in the caption of every document filed with the court.  The above-entitled case is hereby ordered set for:

CASE MANAGEMENT CONFERENCE on **7/14/11**
at 8:30 am in Dept. **SB6**  at the court address above.

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors.  A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service.  Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions.  Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form GM110).  In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:  03/28/11

B· E Hill

JUDGE OF THE SUPERIOR COURT
**BRIAN E. HILL**

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party of this action and that a true copy of the foregoing was mailed first class, postage prepaid in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at Santa Barbara, California, on  03/28/11

Stanley D Bradley
Marlin & Saltzman
29229 Canwood St Ste 208
Agoura Hills, CA 91301

Gary M. Blair, Executive Officer               By _____  , Deputy

SC-2028 [Rev. 7/1/02]               **ORDER & NOTICE OF CASE ASSIGNMENT**               Local Rule 1309
                                       **NOTICE OF CASE MANAGEMENT CONFERENCE**         Cal. Rules of Court, Rule 202