1  MARLIN & SALTZMAN, LLP
   Stanley D. Saltzman, Esq. (SBN 090058)
2  Marcus J. Bradley, Esq. (SBN 174156)
   Kiley L. Grombacher, Esq. (SBN 245960)
3  29229 Canwood Street, Suite 208
   Agoura Hills, California   91301
4  Telephone:   (818) 991-8080
   Facsimile:   (818) 991-8081
5  ssaltzman@marlinsaltzman.com
   mbradley@marlinsaltzman.com
6  kgrombacher@marlinsaltzman.com

7  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines, Esq. (SBN 71075)
8  110 Pine Avenue, Suite 725
   Long Beach, California  90802
9  Telephone:   (888) 474-7242
   Facsimile:   (866) 435-7471
10 whaines@uelglaw.com

11 Attorneys for Plaintiff and the Proposed Plaintiff Class

FILED
2011 MAY -4 PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PEREZ, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SEARS ROEBUCK AND CO., a New York corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. CV11-03527 DSF(PJWx)<br>(Assigned to Hon. Dale S. Fischer)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Failure to Pay Overtime Wages** (*Lab. Code* § 1194);<br>2.  **Failure to Allow and Pay for Meal and Rest Periods** (*Lab. Code* §§ 200, 226.7, 512);<br>3.  **Failure to Pay Compensation Upon Discharge** (*Lab. Code* §§ 201-203);<br>4.  **Failure to Provide Proper Wage Statement** (*Lab. Code* § 226);<br>5.  **Violation of California** *Bus. & Prof. Code* §§ 17200-17208);<br><br>**DEMAND FOR JURY TRIAL** |

1

First Amended Complaint
Case No. CV11-03527 DSF(PJWx)

RAMON PEREZ ("Plaintiff"), individually and behalf of all others similarly situated, alleges the following against SEARS ROEBUCK AND CO., and DOES 1 through 10, (hereinafter sometimes collectively referred to as "Defendants"):

### INTRODUCTION

1. This matter is brought as a class action pursuant to California *Code of Civil Procedure* § 382, on behalf of Plaintiff and the Plaintiff Class, which is comprised of all persons who are, or have been employed by defendants as Managers in any of Defendants' full-line California stores during the Class Period, which runs from March 14, 2007, to the date judgment is rendered herein.

2. Plaintiff seeks relief on behalf of himself and the Plaintiff Class based on Defendants' (a) failure to pay overtime compensation in violation of *Labor Code* § 1194 and the orders and standards promulgated by the California Division of Labor Standards Enforcement and the California Industrial Commission, (b) failure to allow and pay for meal and rest breaks pursuant to *Labor Code* §§ 220, 226.7 and 512, (c), failure to pay compensation at the time of termination in violation of *Labor Code* §§ 201-203, (d) failure to furnish Plaintiff and the Plaintiff Class with accurate itemized statements upon payment of wages as required by *Labor Code* § 226, and (e) violation of California's unfair competition laws (*Business & Professions Code* § 17200).

3. Plaintiff's claims are based on the erroneous misclassification of Plaintiff and members of the Plaintiff Class as exempt from California's wage and hour laws which require defendants to pay overtime compensation, and provide its employees proper, statutorily required meal and rest periods. In fact, Plaintiff and members of the Plaintiff Class performed non-exempt job duties, and thus are, and were entitled to, but denied overtime compensation, and proper meal and rest periods.

### JURISDICTION AND VENUE

4. Venue is proper in this court because Defendant maintains offices and

transact business within the jurisdiction of this Court, because the conduct alleged herein which gives rise to the claims asserted occurred within the jurisdiction of this Court. Specifically, plaintiff Ramon Perez worked for Defendant within Santa Barbara County, and the wages herein claimed were earned by him in Santa Barbara County.

## THE PARTIES

5. At all times mentioned herein Plaintiff Ramon Perez was, and now is, a resident of the County of Ventura, State of California.

6. Plaintiff was employed by Defendants as a Manager of Defendant's Sears store in Santa Barbara, California, from September, 2008, to July, 2010.

7. The members of the proposed class are likewise current and former employees of Defendant, employed by defendant within the state of California as Managers.

8. Defendant Sears Roebuck and Company is a New York corporation with a principal place of business in Illinois. Sears Roebuck and Company does business in the State of California, including the County of Santa Barbara. Defendant conducts business under the name of Sears throughout the State of California, and employs, and has employed individuals in the position of Store Manager at its full line retail stores.

9. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each Defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein

3

was authorized and ratified by the other Defendants.

## FACTUAL ALLEGATIONS

10. Throughout the Class Period, as the same is defined herein, Plaintiff and each member of the Plaintiff Class was an exempt employee, performing job duties which are classified as non-exempt, and thus covered by one or more Industrial Welfare Commission ("IWC") Wage Orders, including, but not limited to, Wage Order Nos. 7-1989, 7-1998, 7-200, 7-2001 ("Wage Orders"), as well as Cal. Code Regs., tit. 8, § 11070, and *Labor Code* § 510, and/or other applicable wage orders, regulations and statutes.

11. Specifically, the primary job duties performed by Plaintiff and members of the Plaintiff Class were, and are maintaining the inventory and sales floor, cleaning the store, working the cash registers, sales, and assisting customers. Plaintiff and the members of the Plaintiff Class spent the majority of their time performing these non-exempt job duties, as opposed to job duties classified as exempt under California law.

12. Plaintiff and members of the Plaintiff Class are not involved in managing Defendant's enterprise, and are not subject to any exemptions for executive, administrative or professional employees. Defendant was therefore obligated to pay Plaintiff and members of the Plaintiff Class compensation for overtime, and to provide them the statutorily mandated meal and rest periods, and/or to compensate Plaintiffs therefore. However, Defendant improperly classified Plaintiff and members of the Plaintiff Class as exempt employees, exempt from the wage and hour provisions identified above.

13. Plaintiff and each member of the Plaintiff Class routinely worked in excess of the maximum regular rate hours established by the IWC in the above-described Wage Orders, regulations, and statutes, which entitled them to overtime compensation as set by law. Since at least November 15, 2006, and continuing to the present, Defendant has had a consistent policy of failing to pay wages and/or overtime to

Plaintiff and members of the Plaintiff Class for all work performed and/or work over eight (8) hours per day or forty (40) per week. Relying upon, and consistent with Defendant's standard policy, practice and procedure of classifying Plaintiff and each member of the Plaintiff Class as exempt employees, Defendant failed and refused to compensate Plaintiff and members of the Plaintiff Class for overtime worked by them.

14. Plaintiff and each member of the Plaintiff Class were routinely not allowed meal and rest breaks as required by the IWC in the above-described Wage Orders, regulations, and statutes. Since at least December 7, 2006, and continuing to the present, Defendant has had a consistent policy of failing to provide Plaintiff and members of the Plaintiff Class statutorily required meal and rest periods. Relying upon, and consistent with Defendant's standard policy, practice and procedure of classifying Plaintiff and each member of the Plaintiff Class as exempt employees, Defendant failed and refused to allow Plaintiff and members of the Plaintiff Class statutorily required meal and rest periods.

15. Plaintiff and each member of the Plaintiff Class were routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including but not limited to, failing to reflect hours worked overtime, and overtime wages due, and compensation due for missed meal and rest breaks. Since at least March 14, 2007, and continuing to the present, Defendant has had a consistent policy of failing to provide Plaintiff and members of the Plaintiff Class true and accurate wage statements upon payment of wages, as required by California *Labor Code* § 226(a).

16. Plaintiff and each member of Sub-Class No. 1 (hereinafter sometimes referred to as the "Terminated Sub-Class"), whose employment with Defendant was terminated during the class period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* section 201-203. Specifically, Plaintiff and members of the Terminated Sub-Class were not paid for overtime, nor

were they compensated for missed meal and rest breaks. Since at least March 14, 2007, and continuing to the present, Defendant has had a consistent policy of failing to provide Plaintiff and members of the Terminated Sub-Class all wages due to them upon termination. Relying upon, and consistent with Defendant's standard policy, practice and procedure of classifying Plaintiff and each member of the Terminated Sub-Class as exempt employees, Defendant failed and refused to compensate Plaintiff and members of the Terminated Sub-Class for overtime, and missed meal and rest breaks at the time their employment was terminated.

17. During the Class Period, defendants required Plaintiff and members of the Plaintiff Class to work overtime without lawful compensation, and without proper meal and rest breaks. Defendants, in violation of the above-described Wage Orders and statutes, willfully failed and refused to pay Plaintiff and members of the Plaintiff Class overtime compensation, failed to provide them, or to compensate them for meal and rest periods, failed to pay all wages due upon termination, and failed to provide true and accurate wage statements. Said policies, procedures, and practices are in violation of the California *Labor Code,* including, but not limited to, *Labor Code* §§ 201-203.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* § 382. The class which Plaintiff seeks to represent is composed of, and defined as follows:

Plaintiff Class:

All persons employed by defendant during the Class Period as "Store Managers" or "General Managers" and similar positions, at any of Defendants' full line retail stores.

Sub-Class No. 1:

All members of the Plaintiff Class whose employment ended during the Class Period.

19. The Class period is designated as the period from March 14, 2007, through and including the date judgment is rendered in this matter, and includes anyone employed by Defendants in the State of California during that period meeting the class definition.

20. The Class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of Class Members are unknown to plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the Class includes hundreds, and possibly thousands of members.

21. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California Wage and Hour statutes;

    b. Whether Defendants misclassified Plaintiff and members of the Plaintiff Class as exempt employees under California's wage and hour laws;

    c. Whether Plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

    d. Whether Defendants failed to pay overtime compensation to plaintiff and members of the Plaintiff Class;

    e. Whether Defendant's policy and practice of classifying Plaintiff and members of the Plaintiff Class as exempt, and failing to provide them overtime compensation violated provisions of California's wage and hour laws;

  f. Whether Plaintiff and members of the Plaintiff Class are entitled to meal and rest periods;

  g. Whether Defendants failed to provide and/or compensate plaintiff and members of the Plaintiff Class for meal and rest periods;

  h. Whether Defendant's policy and practice of not providing Plaintiff and members of the Plaintiff Class meal and rest periods violated provisions of California's wage and hour laws;

  i. Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of *Labor Code* §§ 201-203;

  j. Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of *Labor Code* section 226;

  k. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

  l. Whether Defendants violated the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*, by violating the above cited provisions, and treating plaintiff and members of the Plaintiff Class unfairly by failing to pay them overtime, failing to provide them meal and rest periods, failing to pay them wages due upon termination, and failing to provide true and accurate wage statements.

  22. The claims of the named Plaintiff are typical of the claims of the members of the proposed class. Plaintiff and other class members sustained losses, injuries and

damages arising out Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

23. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members he seeks to represent. Plaintiff has retained counsel competent experienced in prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of the Class members will fairly and adequately be protected by plaintiff and his attorneys.

24. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would result in hundreds, and potentially thousands of individual, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

25. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

    a. The prosecution of separate actions by hundreds or thousands of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants.

      b.      The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

      c.      Defendants have acted or refused to act on grounds applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Compensation)
### (By All Plaintiffs Against All Defendants)

26. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 25.

27. Pursuant to California *Labor Code* § 1194 and the applicable Industrial Welfare Commission ("IWC") Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

28. Pursuant to California *Labor Code* § 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

29. Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours

in a workweek.

30. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times her regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

31. Pursuant to California *Labor Code* § 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

32. Pursuant to California *Labor Code* § 510, Plaintiff and the other class members are entitled to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

33. During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of eight (8) hours in a day.

34. During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of twelve (12) hours in a day.

35. During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of forty (40) hours in a week.

36. Plaintiff and each member of the Plaintiff Class are entitled to overtime

compensation for all hours worked in excess of the hours and time specified in the Wage Orders, statutes and regulations identified above.

37. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring plaintiff and the Plaintiff Class, with improper motives amounting to malice, and in conscious disregard of the rights of plaintiff and the Plaintiff Class. Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

38. Defendants' conduct described herein violates the California *Code of Regulations*, Title 8, § 11070, and *Labor Code* §§ 200, 203, 226, 226.7, 512, and 1194. Plaintiff and members of the Plaintiff Class are thus entitled to recover, in addition to the unpaid balance of overtime compensation defendants owe them, interest, penalties, attorneys' fees, expenses and costs of suit. Plaintiff and members of the Plaintiff Class assert a claim for penalties pursuant to *Labor Code* §§ 201, 202, 203, 204, 225.5, 223, 226, 226.3, 226.7, 510, 512, and 1194.

## SECOND CAUSE OF ACTION

**(Failure to Allow and Pay for Meal and Rest Breaks)**

**(By All Plaintiffs Against All Defendants)**

39. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 38.

40. At all times herein mentioned, the Industrial Welfare Commission Order and California *Labor Code* §§ 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

41. Pursuant to California *Labor Code* § 512(a), an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work

12

period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

42.  *Labor Code* § 226.7(a) provides, "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

43.  As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class members' meal breaks. By these actions, Defendants violated California *Labor Code* § 226.7(a) and § 512(a), in the number, length and manner of the breaks mandated by statute and regulation. At no time did plaintiff or members of the Plaintiff Class expressly or impliedly waive their right to meal and rest breaks.

44.  As a result of the unlawful acts of Defendants, Plaintiff and members of the Plaintiff Class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* § 226.7(a) in an amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal and/or rest period was not provided. Additionally, Plaintiff and members of the Plaintiff Class are entitled to penalties under the *Labor Code* sections identified above.

## THIRD CAUSE OF ACTION

### (Failure to Pay Compensation at the Time of Termination)
### (By Plaintiff and Members of the Terminated Sub-Class
### Against All Defendants)

45.  Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 44.

46.  California *Labor Code* § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than 72 hours of that

employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated. California *Labor Code* section 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by *Labor Code* §§ 201 and 202, respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.

47. Defendants' willful failure to pay plaintiff and members of the Terminated Sub-Class all the wages due to them upon termination is in violation of *Labor Code* §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due. Therefore, plaintiff and members of the Terminated Sub-Class are entitled to a waiting time wage continuation penalty pursuant to *Labor Code* § 203.

### FOURTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements)**

**(By All Plaintiffs Against All Defendants)**

48. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 47.

49. *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . ." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate

14

penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

50. Defendants failed to accurately record the overtime hours worked by plaintiff and members of the Plaintiff Class.

51. Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or other statutes.

## FIFTH CAUSE OF ACTION

### (Unfair Competition: California *Business and Professions Code* § 17200 etc.)
### (By All Plaintiff, on Behalf of Herself, the Plaintiff Class, and the General Public, Against All Defendants)

52. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 51.

53. Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice. A violation of California *Business & Professions Code* §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law. As described herein, Defendants violated California *Labor Code* §§ 201, 226(a), 226.7, and 510.

54. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described hereafter. Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and monetary damages as a result of defendants' actions.

55. The actions by defendants, including, but not limited to, the continuing failure to pay overtime, failure to provide meal and rest periods, failure to provide proper wage statements, and failure to pay wages due upon termination, amount to

conduct which is unlawful and a violation of law as alleged herein. As such, said conduct amounts to unfair business practices in violation of *Business and Professions Code* § 17200, *et seq.*

56. Defendants' conduct as herein alleged has damaged plaintiffs and the members of the Plaintiff Class by denying them wages due and payable, and failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

57. As a result of such conduct, defendants have unlawfully and unfairly obtained monies due to the plaintiff and the members of the Plaintiff Class.

58. All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the defendants. The amount of wages due plaintiff and members of the Plaintiff Class can be readily determined from defendants' records. The members of the proposed class are entitled to restitution of monies due and obtained by defendants during the Class Period as a result of defendants' unlawful and unfair conduct.

59. Beginning at a date unknown to Plaintiff, but at least as early as March 14, 2007, defendants committed, and continue to commit acts of unfair competition as defined by § 17200 et. seq. of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

60. Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of §17200, etc. of the *Business and Professions Code*.

61. The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of defendants' policies and practices and, therefore, defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and*

16

First Amended Complaint
Case No. CV11-03527 DSF(PJWx)

1  *Professions Code* § 17200.

2  62.  Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

63.  Defendants' course of conduct described herein further violates *Business and Professions Code* § 17200 in that it is fraudulent, illegal, improper, and unfair.

64.  The unlawful, unfair, and fraudulent business practices and acts of defendants, and each of them, as described herein above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class, prays for judgment against defendants as follows:

1. For nominal damages;
2. For compensatory damages;
3. For equitable relief in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, disgorgement of profits from the unlawful business practices of defendants, and accounting;
4. For penalties permitted by *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226.7, 510, 512, and 1194;
5. For interest accrued to date;
6. For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226 and 1194;
7. For reasonable attorney's fees pursuant to *Labor Code* §§ 226 and 1194; and

///

8. For all such other and further relief that the Court may deem just and proper.

DATED: May 4, 2011

MARLIN & SALTZMAN, LLP
UNITED EMPLOYEES LAW GROUP, PC

By: _____
Kiley L. Grombacher, Esq.
of Marlin & Saltzman
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all applicable claims.

DATED: May 4, 2011

MARLIN & SALTZMAN, LLP
UNITED EMPLOYEES LAW GROUP, PC

By: _____
Kiley L. Grombacher, Esq.
of Marlin & Saltzman
Attorneys for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA        )**

**COUNTY OF LOS ANGELES    )**

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 29229 Canwood Street, Suite 208, Agoura Hills, CA, 91301.

    On May 4, 2011, I served the foregoing documents described as **FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Agoura Hills, California with postage thereon fully prepaid.

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(VIA FEDERAL EXPRESS)** I caused to have served such document(s) by depositing them in the drop box at Agoura Hills, California, for priority overnight next day delivery.

[ ]  **(VIA FACSIMILE)** I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]  **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee.

[ ]  **(VIA E-MAIL)** I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Marlin & Saltzman's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[ ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed May 4, 2011, at Agoura Hills, California.

*/s/ Sandy Laranjo*
Sandy Laranjo

First Amended Complaint
Case No. CV11-03527 DSF(PJWx)

## SERVICE LIST

*USDC Central District, Case No. CV11-03527 DSF(PJWx)*
*Perez v. Sears Roebuck and Co.*

| | |
|---|---|
| Lynne C. Hermle, Esq.<br>Joseph C. Liburt, Esq.<br>**ORRICK, HERRINGTON & SUTCLIFFE**<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 614-7400<br>Facsimile: (650) 614-7401<br>lehermle@orrick.com<br>jliburt@orrick.com | Attorneys for Defendants SEARS HOLDINGS CORPORATION and SEARS ROEBUCK AND CO. |
| Christian N. Brown, Esq.<br>**ORRICK, HERRINGTON & SUTCLIFFE**<br>405 Howard Street<br>San Francisco, CA 91405<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759 | Attorneys for Defendants SEARS HOLDINGS CORPORATION and SEARS ROEBUCK AND CO. |